## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| | ) | Case No. |
| v. | ) ) | JURY TRIAL DEMANDED |
| | ) ) | |
| ASCEND WELLNESS HOLDINGS, INC., | ) | |
| DEFENDANT. | ) ) | |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and to provide appropriate relief to Charging Parties Nicole McCann and Aimee Stephens and a class of other female workers aggrieved by such practices.  As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant Ascend Wellness Holdings, Inc. violated Title VII when it subjected McCann, Stephens and other female employees at the company's Collinsville, Illinois facility to a sexually hostile work environment, and when its harassment caused McCann's constructive discharge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Ascend Wellness Holdings, Inc. has continuously been doing business in the State of Illinois and the City of Collinsville and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit McCann and Stephens filed Charges of Discrimination with the Commission alleging violations of Title VII by Defendant.

7.     On July 16, 2025, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting

2

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On November 17, 2025, the Commission issued to Defendant Notices of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF FACTS**

12.     Defendant Ascend Wellness Holdings, Inc. is a large-scale cannabis cultivator, producer, wholesaler and retailer that operates a dispensary and warehouse in Collinsville, Illinois.

13.     Upon information and belief, Defendant has employed approximately 70 individuals at its Collinsville facility since September 2022.

14.     Steve Garmon was the General Manager of the Collinsville facility from approximately February 2021 until his termination in July 2023.

15.     Charging Party McCann worked as a Dispensary Associate at Defendant's Collinsville facility from August 30, 2022 to April 5, 2023.

3

16.     Charging Party Aimee Stephens worked as a Dispensary Associate at Defendant's Collinsville facility from September 2022 to June 2024.

17.     Since at least September 2022, Garmon and other male employees openly engaged in sexual and sex-based comments and conduct directed at McCann, Stephens and other female employees.

18.     Male employees engaged in this conduct in the presence of managers and supervisors.

19.     Garmon and at least one other male supervisor engaged in the harassing comments and conduct.

20.     McCann, Stephens and other female employees were subjected to the harassing conduct on a daily or near-daily basis.

21.     The unlawful harassment included touching, sexual comments, sexual advances, requests for sex and comments about the appearances and bodies of female employees and customers.

22.     Garmon's sexual and unwelcome comments included telling a female employee "I've never seen an ass like that on a White girl," and "I think you should come hang out with me." Garmon also described the sexual acts he wanted to perform with her.

23.     Garmon invited at least one female employee to a hotel, sent her sexually suggestive messages and commented about what he wanted to do to her sexually, told her what to wear to shape her "behind" the way he liked, and ultimate cornered her in a manager-only closet, forcibly kissed her without her consent and forced her hand to his genitals.

4

24. As early as 2021, multiple female employees complained to Defendant's Human Resources managers about Garmon's harassing conduct, but the Human Resources managers failed or refused to stop the conduct.

25. McCann, Stephens and one or more other female employees found the harassing conduct to be so intimidating, offensive, and abusive that it affected their ability to perform their job duties and/or altered the terms and conditions of their employment.

26. In or around early April 2023, Garmon lured McCann to a delivery room and said "it is just going to be me and you" in a threatening and sexually suggestive manner. Feeling very uncomfortable and concerned for her safety, McCann made an excuse that she had to use the bathroom left the facility.

27. McCann was so discouraged and distressed by the daily harassment, fear of Garmon's escalating offensive conduct, and Defendant's failure to address Garmon's conduct that she was forced to quit her job with Defendant.

## STATEMENT OF CLAIMS
## COUNT I

### SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. Since September 2022, Defendant engaged in unlawful employment practices at its Collinsville, Illinois facility in violation of Section 703(a)(1) of Title VII,

42 U.S.C. §2000e-2(a)(1), when it subjected female employees, including McCann and Stephens, to a hostile work environment based on sex.

30.    The effect of the practices complained of in paragraphs 12 through 26 above has been to deprive female employees at Defendant's Collinsville, Illinois facility, including McCann and Stephens, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

31.    The unlawful employment practices complained of in paragraphs 12 through 26 above were intentional.

32.    The unlawful employment practices complained of in paragraphs 12 through 26 above were done with malice or with reckless indifference to the federally protected rights of female employees, including McCann and Stephens.

33.    As a direct and proximate result of Defendant's unlawful conduct, female employees, including McCann and Stephens, suffered actual pecuniary and non-pecuniary damages, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT II

### SEX DISCRIMINATION – CONSTRUCTIVE DISCHARGE

34.    Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35.    In or around April 2023, Defendant engaged in unlawful employment practices at its Collinsville, Illinois facility in violation of Sections 703(a)(1) and 704(a)

6

of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a) when it caused McCann's constructive discharge.

36. The effect of the practices complained of above has been to deprive McCann of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

37. The unlawful employment practices complained of in paragraphs 12 through 25 above were intentional.

38. The unlawful employment practices complained of in paragraphs 12 through 25 above were done with malice or with reckless indifference to the federally protected rights of McCann.

39. As a direct and proximate result of Defendant's unlawful conduct McCann suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## PRAYER FOR RELIEF

The Commission respectfully requests that the Court:

A. Grant a permanent injunction enjoining Defendant Ascend Wellness Holdings, Inc., it officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to a hostile work environment because of sex.

B. Grant a permanent injunction enjoining Defendant Ascend Wellness Holdings, Inc., its officers, agents, servants, employees, attorneys and all persons in

active concert or participation with it, from subjecting employees to constructive discharge because of sex.

C.    Order Defendant Ascend Wellness Holdings, Inc. to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant Ascend Wellness Holdings, Inc. to make McCann whole by providing appropriate backpay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.    Order Defendant Ascend Wellness Holdings, Inc. to make McCann, Stephens and a class of other aggrieved female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.    Order Defendant Ascend Wellness Holdings, Inc. to make McCann, Stephens and a class of other aggrieved female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional distress, pain and suffering, anxiety, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

G.    Order Defendant Ascend Wellness Holdings, Inc. to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by it Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, 46520 (MO)
Regional Attorney

/s/Jennifer L. Arendes
JENNIFER L. ARENDES, 46638 (MO)
Senior Trial Attorney
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone: (314) 798-1914
Email: andrea.baran@eeoc,gov
Email: jennifer.arendes@eeoc.gov

LAUREN W. JOHNSTON, 22341 (OK)
Assistant Regional Attorney
Oklahoma Area Office
215 Dean A. McGee, Ste. 524
Oklahoma City, OK 73102
Phone: (405) 666-0379

9

Email: lauren.johnston@eeoc.gov